FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* OCTOBER 23, 2026 *
BROOKLYN OFFICE

NMA/MGD:PJC/LS
F. #2022R00297

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

XUE FANG CHENG,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 26-CR-299
(T. 18, U.S.C., §§ 371, 982(a)(1), 982(b)(1) and 3551 et seq.; T. 21, U.S.C., § 853(p))

Judge Rachel P. Kovner
Magistrate Judge Joseph A. Marutollo

THE GRAND JURY CHARGES:

At all times relevant to this Indictment, unless otherwise indicated:

I. The Defendant, Relevant Entities and Relevant Individuals

1. The defendant XUE FANG CHENG was a resident of New York, New York.

2. Entity-1, an entity the identity of which is known to the Grand Jury, was a convenience store located in New York, New York and owned by the defendant XUE FANG CHENG.

3. Individual-1, an individual whose identity is known to the Grand Jury, was the owner and operator of a social adult day care ("SADC") center located in Brooklyn, New York. SADC centers provided socialization to eligible Medicaid recipients in a protective setting in exchange for reimbursement from Medicaid.

4. Individual-2, an individual whose identity is known to the Grand Jury, was the sole signatory on a bank account ending in 6993 held in the name of Company-1, an entity

the identity of which is known to the Grand Jury, at Financial Institution-1, an entity the identity of which is known to the Grand Jury (the "Company-1 Account").

5. Individual-3, an individual whose identity is known to the Grand Jury, was the signatory on a bank account ending in 7517 held in the name of Company-2, an entity the identity of which is known to the Grand Jury, at Financial Institution-1 (the "Company-2 Account").

6. Undercover-1, an individual whose identity is known to the Grand Jury, was a law enforcement agent operating in an undercover capacity who engaged in financial transactions with the defendant XUE FANG CHENG.

II. The Money Transmitting Conspiracy

7. In or about and between at least March 2025 and July 2026, the defendant XUE FANG CHENG, together with others, engaged in a scheme whereby CHENG agreed to and did operate an unlicensed money transmitting business.

8. In furtherance of the scheme, the defendant XUE FANG CHENG accepted checks from Individual-1, Undercover-1, and others and provided those individuals with cash in exchange for a percentage fee of each transaction.

9. In some instances, the defendant XUE FANG CHENG provided Individual-1, Undercover-1, and others with payee information for the checks. In other instances, Individual-1, and Undercover-1 provided CHENG with blank chanks with no payee information. CHENG then provided Individual-1 and Undercover-1 with photographs of the completed checks.

10. The defendant XUE FANG CHENG caused the checks provided by Individual-1, Undercover-1, and others to be deposited into various bank accounts held in the names of various businesses, including Company-1 and Company-2.

11. The defendant XUE FANG CHENG then obtained cash and provided Individual-1 and Undercover-1 with the cash equivalent to the value of checks they provided to CHENG, less a fee of approximately 2-3 percent.

12. Between approximately March 2025 and July 2026, the defendant XUE FANG CHENG provided unlicensed money transmitting services to Individual-1, Undercover-1, and others by transmitting and converting to cash more than $1,100,000 in checks.

CONSPIRACY TO OPERATE AN UNLICENSED MONEY TRANSMITTING BUSINESS

13. The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between March 2025 and July 2026, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant XUE FANG CHENG, together with others, did knowingly and intentionally conspire to conduct, control, manage, supervise, direct and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit: a money transmitting and check cashing business, which (a) operated without an appropriate license in the State of New York, where such operation is punishable as a misdemeanor and a felony under New York State law, and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder.

15. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant XUE FANG CHENG, together with others, did commit and cause the commission of, among others, at least one of the following:

OVERT ACTS

(a) On or about September 10, 2025, Individual-3 opened the Company-2 Account at a Financial Institution-1 branch in Flushing, New York.

(b) On or about September 11, 2025, Individual-2 opened the Company-1 Account at a Financial Institution-1 branch in Flushing, New York.

(c) On or about April 6, 2026, CHENG sent a WeChat voice message to Undercover-1 that was in Chinese and translated to, "Bring more checks, you waited so long, I can't find you."

(d) On or about April 7, 2026, CHENG provided Undercover-1 with approximately $11,640 in United States currency.

(e) On or about April 17, 2026, after Undercover-1 provided CHENG with a signed check with no payee information, CHENG sent Undercover-1 a WeChat message that included an image of the signed check Undercover-1 provided to CHENG with the payee completed as Company-1.

(f) On or about April 28, 2026, CHENG told Undercover-1 in Chinese what translates to, "After you write the check, send photos over first. It is trouble to do it here. After you send it over, wrap the checks then bring it over here, we plan to do long term. It is very dangerous."

(g) On or about June 9, 2026, CHENG sent Undercover-1 a WeChat voice message in Chinese that translated to, "Next week, I forgot and gave to other people. Come next week, bring over and I will give you money."

(h) On or about June 16, 2026, CHENG sent Undercover-1 a WeChat voice message in Chinese that translated to, "Come to get it, bring more checks."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

16. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to:

(a) approximately $3,427.82 seized by law enforcement on or about July 28, 2026, from Bank of America account number ending in 0463, held in the name of Gui Bao Hao Express, Inc., and all proceeds traceable thereto;

(b) approximately $52,663.09 seized by law enforcement on or about July 23, 2026, from Cathay Bank account number ending in 8058, held in the name of MQ 1981 Inc., and all proceeds traceable thereto;

(c) approximately $406,345.49 seized by law enforcement on or about July 30, 2026, from East West Bank account number ending in 1580, held in the name of Glow Pro Wholesale Inc., and all proceeds traceable thereto;

(d) approximately $144,260.76 seized by law enforcement on or about July 30, 2026, from East West Bank account number ending in 9758, held in the name of Dem Trade Inc., and all proceeds traceable thereto;

(e) approximately $169,194.74 on deposit in JPMorgan Chase Bank N.A. account number ending in 6993, held in the name of Silvercare Services Consultant Inc., and all proceeds traceable thereto; and

(f) approximately $98,813.73 on deposit in JPMorgan Chase Bank N.A. account number ending in 7517, held in the name of UFO Trading Inc., and all proceeds traceable thereto.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

/s/

FOREPERSON

By David Pitluck, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By Patrick J. Campbell, Deputy Chief, Fraud Division
COLIN M. MCDONALD
ASSISTANT ATTORNEY GENERAL
NATIONAL FRAUD ENFORCEMENT DIVISION